UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **PEGGY MESSINA, ET AL.** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NUMBER: 06-10505** |
| **STATE FARM FIRE AND CASUALTY COMPANY, ET AL.** | * | **SECTION "L"(1)** |

## ORDER & REASONS

Before the Court is the Plaintiffs' Motion to Remand (Rec. Doc. 9). For the following reasons, the Plaintiffs' motion is now DENIED.

**I.   BACKGROUND**

This case arises from a dispute regarding insurance coverage for the Plaintiffs' home located at 2329 Pakenham Drive in Chalmette, Louisiana, which suffered damage as a result of Hurricane Katrina. The Defendants in this case are State Farm Fire and Casualty Company ("State Farm"), the Plaintiffs' flood insurance carrier, and Mel Nelson, a State Farm insurance agent. The Plaintiffs' flood insurance policy was issued in 1992 pursuant to the National Flood Insurance Program.[1]

In August of 2006, the Plaintiffs filed the present action in the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana. The Plaintiffs allege that the Defendants failed to properly assign their home to the appropriate preferred risk category under the National Flood Insurance Program, thereby causing the Plaintiffs to pay higher flood insurance premiums

---

[1] Congress created this Program with the passage of the National Flood Insurance Act of 1968, Pub. L. No. 90-448, §§ 1301-1377, 82 Stat. 476, 572-89 (codified at 42 U.S.C. §§ 4001-4129).

1

over the course of thirteen years for less coverage than that to which they were otherwise entitled.  The Plaintiffs seek payment from State Farm and Nelson for uninsured losses to the property and its contents, in addition to bad-faith penalties under Louisiana law.  Alternatively, the Plaintiffs seek a refund of the premiums they paid over and above what they allegedly should have been charged for flood insurance.

The Defendants removed this case to federal court on November 20, 2006, contending that this Court has jurisdiction under any of the following provisions:  (1) federal question jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 4072; (2) commerce clause jurisdiction under 28 U.S.C. § 1337; (3) the Federal Officer Removal Statute, 28 U.S.C. § 1442; or (4) diversity jurisdiction under 28 U.S.C. § 1332, because Nelson is improperly joined and the amount in controversy exceeds $75,000.  On January 3, 2007, the Plaintiffs filed the instant motion to remand.

## II.   LAW & ANALYSIS

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper.  *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).  As a general matter, the removal statute is to be construed narrowly and in favor of remand to state court.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941).  Indeed, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."  *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).  Accordingly, all disputed questions of fact must be resolved in favor of the non-moving party.  *See Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

The National Flood Insurance Act grants federal courts original exclusive jurisdiction

over lawsuits against the Director of FEMA for denials of claims made by insured individuals under their Standard Flood Insurance Policy ("SFIP").  *See* 42 U.S.C. § 4072.  Section 4072 has been held to also apply to suits against private insurers who issue SFIPs under the Write Your Own ("WYO") Program.  *See Wright v. Allstate Ins. Co.*, 415 F.3d 384, 389 (5th Cir. 2005); *Landry v. State Farm Fire & Cas. Co.*, 428 F. Supp. 2d 531, 532-36 (E.D. La. 2006).[2]

Courts in the Eastern District have consistently found that federal question jurisdiction exists when the plaintiff's claim relates to the handling of an SFIP.  *See, e.g., Newman v. Allstate Ins. Co.*, No. 06-3757, 2006 WL 2632116 (E.D. La. Sept. 12, 2006); *Breakthrough Realty Unlimited, LLC v. Minor*, No. 06-2420, 2006 WL 2224753 (E.D. La. Aug. 2, 2006).  But federal question jurisdiction does not exist when the plaintiff's claim relates only to the procurement of such a policy.  *See, e.g., Landry*, 428 F. Supp. 2d at 532-36; *Richmond v. Chubb Group of Ins. Cos.*, No. 06-3973, 2006 WL 2710566, at *3-5 (E.D. La. Sept. 20, 2006).

In this case, the Court finds that federal question jurisdiction exists.  While the Plaintiffs' allegations of improper assignment appear to relate to the procurement of flood insurance, their alternative request for a refund of SFIP premiums clearly creates federal jurisdiction.  *See Southpointe Villas Homeowners Ass'n, Inc. v. Scottish Ins. Agency, Inc.*, 213 F. Supp. 2d 586, 590-93 (D. S.C. 2002) ("[P]laintiff's claim for a refund of overcharged premiums necessarily places federal funds at risk.  Insurance premiums collected by WYO companies are kept in segregated accounts and are considered federal funds from the moment they are collected, with

---

[2] For a detailed discussion of the National Flood Insurance Act and SFIPs, see *Houck v. State Farm Fire & Casualty Co.*, 194 F. Supp. 2d 452, 454-55 (D.S.C. 2002).

interest earned belonging to the United States.").[3]

## III.   CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Plaintiffs' Motion to Remand is DENIED.

New Orleans, Louisiana, this  21st  day of   February  , 2007.

*Eldon E. Fallon*

UNITED STATES DISTRICT JUDGE

---

[3] Accordingly, the Court need not address State Farm's alternative theories of federal jurisdiction.